**Lonnie Wright RICHIE, Petitioner,**

**v.**

**The Honorable B.R. BEASLEY, Judge of
the District Court of Tulsa County,
State of Oklahoma, Respondents.**

**No. P 92–0741.**

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1992.

## ORDER GRANTING WRIT OF PROHIBITION AND/OR MANDAMUS

Petitioner filed an application for a writ of prohibition or mandamus prohibiting enforcement of the order of the District Court of Tulsa County, Case No. CRF–91–03676, compelling Petitioner to provide discovery to the State which he contends violates his state and federal constitutional rights.

This Court in *Allen v. District Court*, 803 P.2d 1164 (Okl.Cr.1990), set forth procedures for meaningful pre-trial discovery for each party in a criminal case. Petitioner alleges that the District Court's interpretation of Section 1.(a), regarding what the Defense shall be required to disclose in *Allen*, unconstitutionally extends the compulsory discovery into materials protected by the state and federal constitutional privilege against self-incrimination and deprives Petitioner of the right to effective assistance of counsel for his defense.

Section 1.(a) states: "The names and addresses of witnesses, together with their relevant oral, written or recorded statement, or summaries of same; ...". The July 31, 1992, order of the District Court directs that "the term 'witnesses' as used

in the *Allen* discovery mandate shall be construed to mean 'all persons having knowledge of relevant facts,' and is *not* to be construed as limited to persons intended to be called as witnesses at trial." We recognize that the language in *Allen* could lead the Trial Judge to arrive at this conclusion. However, this result was not the intent in *Allen*. The Court recognizes the requirements to be placed on the State and a defendant are distinctly different and finds that distinction should now be clarified.

If a defendant makes a request upon the prosecuting attorney to disclose the names and addresses of witnesses, the prosecuting attorney is required to provide the names and addresses of all persons known to the State having knowledge of relevant facts or information about the case. However, upon a request by the prosecuting attorney for the names and addresses of defense witnesses, the defendant is required to disclose only those witnesses whom the defense intends to call at trial. The decision in *Allen* is therefore MODIFIED to reflect this further definition of the procedure established.

Accordingly, Petitioner's application for extraordinary relief prohibiting the District Court of Tulsa County from compelling Petitioner to provide discovery of all persons having knowledge of relevant facts is hereby GRANTED. Said discovery shall be limited to those witnesses who the defense intends to call at trial.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge
/s/ Tom Brett
TOM BRETT,
Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge.