**STATE of Oklahoma, ex rel. Joseph A. WIDEMAN, Eighth District Attorney, Petitioner,**

v.

**The Honorable Neal BEEKMAN, Noble County District Judge, Respondent.**

**No. O 92–0907.**

Court of Criminal Appeals of Oklahoma.

Oct. 2, 1992.

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

Petitioner has filed with this Court a petition for a writ of mandamus directing the Honorable Neal Beekman, District Judge of Noble County, to order complete discovery by the Defendant in Case No. CRF–91–84 in accordance with *Allen v. District Court*, 803 P.2d 1164 (Okl.Cr. 1990). The State asks the defense be compelled to provide complete and accurate summaries of the testimony of each of the witnesses listed by the Defendant in its Amended List of Witnesses filed in the case. The State contends that Judge Beekman has refused to order such summaries.

A review of the record before this Court reflects that the District Court has not required the defense to provide the State summaries of the testimony of each of the witnesses to be called at trial. The objective purpose of *Allen* was to create appropriate discovery procedures in criminal cases. Collaterally, *Allen* also seeks to make sure counsel is prepared for trial by requiring counsel, in advance of trial, to interview their witnesses and to know what the witnesses' testimony will be. This will ensure effective preparation for trial to prevent a basis for an ineffective assistance of counsel complaint for failure to prepare.

Defense counsel, in this case, asserts that "it's not my nature to talk to [witnesses who are not eye witnesses and are talking about things that may or may not be used by the defense during the course of the trial] until just before trial and sometimes as they're sitting in the hallway before the trial starts". (September 10, 1992, Tr. 8). This method of preparation allows an attorney to subvert the objective requirement of proper discovery in a criminal case and should not be permitted.

*Allen* requires that the defense disclose the relevant oral, written or recorded statement, or summaries of same, of witnesses whom the defense intends to call at trial. *Allen* at 1168, as modified by *Richie v. District Court*, 837 P.2d 479 (1992). Defense counsel cannot subvert the requirements of *Allen* by lack of preparation.

Accordingly, the State's petition for a writ of mandamus is hereby GRANTED. This matter is REMANDED to the District Court to order defense counsel to disclose to the State the relevant oral, written or recorded statement, or summaries of same, of witnesses whom the defense intends to call at trial which shall be completed at least ten days prior to trial.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge