**Lonnie Wright RICHIE, Petitioner,**

v.

The DISTRICT COURT OF TULSA COUNTY, State of Oklahoma, Honorable B.R. Beasley, District Judge, Respondent.

No. P 93–0280.

Court of Criminal Appeals of Oklahoma.

April 27, 1993.

## ORDER DENYING APPLICATION FOR WRIT OF PROHIBITION AND/OR MANDAMUS

Petitioner, charged with first degree murder in the District Court of Tulsa County, Case No., CF–91–3676, filed an application for a writ of prohibition and/or mandamus in this Court March 31, 1993. Trial was scheduled for April 19, 1993.

The District Court ordered Petitioner to provide the State with the names, addresses, and relevant oral, written, or recorded statement, or summaries of same, of witnesses whom Petitioner intends to call as witnesses in the second stage of his trial no less than ten days prior to trial. Petitioner contends that until the government obtains a conviction of Petitioner by carrying the burden of proof beyond a reasonable doubt, Petitioner's rights to due process of law, the privilege against self-incrimination, and the right to counsel and a fair trial prohibit the compulsory disclosure of witnesses whom the Petitioner intends to call in the second stage of a capital trial. Petitioner contends these fundamental rights protect him from any compulsory disclosure of the names and addresses of witnesses whom Petitioner intends to call in the sentencing stage of trial, until after the government obtains a conviction.

In an order entered April 8, 1993, this Court stayed proceedings in this matter and directed that Respondent, or a designated representative, file a response to Petitioner's application. The response was filed in this Court April 19, 1993.

In *Allen v. District Court*, 803 P.2d 1164 (Okl.Cr.1990), we found it necessary for the proper administration of justice to set forth procedures for meaningful pre-trial discovery for each party in a criminal case. We agreed with Justice Marshall writing for the Supreme Court in *Wardius v. Oregon*, 412 U.S. 470, 475, 93 S.Ct. 2208, 2212, 37 L.Ed.2d 82, 88 (1973), when he stated that "discovery must be a two-way street". The Supreme Court further found that due process was satisfied where both the defendant and the state had an ample opportuni-

ty to investigate certain facts crucial to the determination of guilt or innocence. *Id.* 412 U.S. at 475, 93 S.Ct. at 2212.

In this particular case, the District Court has ordered that the Petitioner provide to the State the list of witnesses he plans to call during the first and second stage, together with the summaries of their statements. Petitioner objects to producing such information as to the second stage because the Petitioner has not been convicted and such disclosure could violate his rights against self-incrimination. If the Petitioner is acquitted, there can be no harm because there would not be a second stage trial. On the other hand, if there is a second stage after a conviction, this is legitimate and proper discovery under *Allen.* The leading discovery case was handed down in 1970 by the U.S. Supreme Court. At question was a Florida statute requiring notice of alibi and requiring the defense to give to the State the names and addresses of alibi witnesses. The U.S. Supreme Court held that a violation of due process was not involved because the Florida law provided for liberal discovery by the defendant against the State. The Court noted that there was nothing in the Fifth Amendment privilege against self-incrimination entitling a defendant as a matter of constitutional right to await the end of the State's case before announcing the nature of his defense. *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d, 446 (1970).

We set forth in *Allen* what the State is required to disclose and what the Defense is required to disclose—and empowered the Trial Court to order sanctions for noncompliance. We directed that all issues relating to discovery will be completed at least ten days prior to trial unless an extension or delay is granted by the Trial Court in the interest of justice. We did not distinguish between the guilt stage of a trial and the punishment stage of a trial and we do not intend to do so now.

In *Allen* we required the Defense, among other items, to disclose the names and addresses of witnesses, together with their relevant oral, written, or recorded statement, or summaries of same. *Id.* at 1168. In *Richie v. Beasley,* 837 P.2d 479, 480 (Okl.Cr.1992), we modified this statement to limit discovery required by the Defense to those witnesses who the defense intends to call at trial. Therefore, the Defense is required to disclose at least ten days prior to trial those witnesses the Defense intends to call at the second stage of the trial. As set forth in *Allen,* the State is precluded from using this information in its case-in-chief except for impeachment purposes unless the State can establish that the information was developed independently prior to disclosure by the Defense. We further directed the Trial Judge to ensure all discovery orders do not violate the defendant's right against self-incrimination. *Id.* at 1168.

Accordingly, Petitioner's application for a writ of prohibition and/or mandamus is **DENIED.** Further, the stay imposed by this Court April 8, 1993, is hereby **LIFTED.**

**IT IS SO ORDERED.**
/s/GARY L. LUMPKIN, Presiding Judge
/s/CHARLES A. JOHNSON, Vice Presiding Judge
/s/CHARLES S. CHAPEL, Judge

LANE, J., concurs in result.